FILED
2012 SEP 10 AM 11: 23
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALM AZULAY,<br><br>   Plaintiff,<br><br>  v.<br><br>ILAN PAZ, et al.,<br><br>   Defendants. | NO. CV 12-7312 UA (DUTYx)<br><br>**ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION** |

  The Court will remand this unlawful detainer action to state court summarily because defendants Ilan Paz and Ginav Paz ("defendants") removed it improperly.

  On August 24, 2012, defendants, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

  Plaintiff could not have brought this action in federal court in the first place, in that defendants do not competently allege facts supplying either diversity or federal-question

jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a);[1] see Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S.Ct. 2611, 2623 (2005). As an initial matter, the state court complaint attached to the Notice of Removal asserts only a single cause of action for unlawful detainer pursuant to California Code of Civil Procedure § 1166a. (See Notice of Removal, Exhs. at 1).[2] Accordingly, the state court complaint discloses no federal statutory or constitutional question. See Wescom Credit Union v. Dudley, 2010 WL 4916578, at *2 (C.D. Cal. 2010) ("An unlawful detainer action does not arise under federal law."); Indymac Federal Bank, F.S.B. v. Ocampo, 2010 WL 234828, at *2 (C.D. Cal. 2010) ("No federal claim is alleged in the Complaint[]" where "[t]he Complaint contains a single cause of action for unlawful detainer.").

Moreover, the Court finds unpersuasive defendants' contention that federal question jurisdiction exists because "Plaintiff's right to bring the case is conditioned upon its compliance with" the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"). (Notice of Removal at 6; see id. at 3-6). It is well-settled that "a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430 (1987) (italics in original). Nor can a counterclaim "serve as the basis for [§ 1331[3]] 'arising under' jurisdiction." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32, 122 S.Ct. 1889, 1893-94 (2002). Thus, to the extent defendants' defenses or counterclaims to the unlawful detainer action are

---

[1] 28 USC § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[2] For ease of reference, the court labels and refers to the pages of the Exhs. attached to the Notice of Removal in consecutive order, i.e., 1-17.

[3] 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

based on alleged violations of federal law, those allegations do not provide a basis for federal-question jurisdiction. See Deutsche Bank Nat. Trust Co. v. Llopis, 2011 WL 3502486, at *2 (N.D. Cal. 2011) (rejecting defendant's claim in his notice of removal that "the jurisdiction provision of the FDCPA . . . create[s] federal question jurisdiction" because "[r]emovability is determined through examination of the four corners of the applicable pleadings, i.e., the complaint[]") (internal quotation marks and citation omitted).

Finally, even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332,[4] 1441(b).[5] On the contrary, the state court complaint recites that the amount in controversy does not exceed $10,000. (See Notice of Removal, Exhs. at 1). Thus, because the amount in controversy is less than $75,000, diversity jurisdiction is also lacking. See 28 U.S.C. § 1332(a); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291, 58 S.Ct. 586, 591 (1938) (the status of the case as disclosed by the plaintiff's complaint is controlling for purposes of removal).

Based on the foregoing, IT IS ORDERED that:

1. This matter shall be REMANDED to the Superior Court of California, Los Angeles County, Van Nuys Courthouse East, 6230 Sylmar Avenue, Van Nuys, CA 91401, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

---

[4] 28 U.S.C. § 1332(a) provides that diversity jurisdiction exists only in suits between citizens of different states and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

[5] 28 U.S.C. § 1441(b) provides that:

> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

3. The Clerk shall serve copies of this Order on the parties.

DATED: _____9/6_____, 2012.

_____
AUDREY B. COLLINS
CHIEF UNITED STATES DISTRICT JUDGE